# Margaret Finnegan *v.* Foster Township, Appellant.

*Negligence—Township—Bridges.*

It is the duty of a township to keep dangerous bridges properly guarded, and to maintain the bridges in a reasonably safe condition, and the measure of this duty must be determined by the circumstances of the particular case.

In determining whether a township has been negligent in not providing guard rails for a bridge, the jury may take into consideration the length of a bridge, its width, its height, the nature of the approaches, the amount of the travel, and all of the circumstances.

Plaintiff, on a dark and stormy night, in company with another woman who was driving, attempted to cross a bridge twenty-three feet long, less than twelve feet wide, and six feet above the surface of the stream that it spanned. The approaches to the bridge were by earth embankments of considerable length, and gradually rising above the level of the road. These approaches had no guard rails, and it was in dispute whether there were any on the bridge. The carriage was driven either over the side of the bridge or over the side of the embankment by which they approached it, and so near the bridge that the occupants were thrown into the creek. *Held,* that the question of defendant's negligence was for the jury.

*Negligence—Driver—Imputed negligence.*

Where a person is driving with a friend, and is injured by the negligence of another, the contributory negligence of the driver cannot be imputed to the person injured.

Argued April 9, 1894. Appeal, No. 322, Jan. T., 1893, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1889, No. 260, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before RICE, P. J.

At the trial it appeared that, on Sept. 16, 1889, plaintiff, while in company with a friend who was driving, was injured at a bridge in Foster township.

The court charged in part as follows:

" The complaint is that the township was negligent in that the bridge in question was not properly guarded by guard rails; that, at least, there was no guard rail on the left-hand side. If, therefore, the guard rails were up as defendant alleges, it necessarily follows that the plaintiff and Mrs. Mowrey did not and could not go off the bridge as they allege; and if they did not

go off the bridge in the manner alleged by them, the plaintiff cannot recover in this action, and it is immaterial how the accident occurred.   Were there guard rails up, as alleged by the defendant?   Upon that question of fact considerable testimony has been produced, and without further remark we will leave it to be decided by you in accordance with the weight of the credible testimony in the case.   If there were no guard rails was the township guilty of negligence in not providing them in the first instance, or in not replacing them after they had been broken down, if they were provided in the first instance? If proper guard rails were originally provided, but were broken down or removed through no fault of the defendant or its officers, then the inquiry would arise, did they have actual notice that they were down, or had they been down for such length of time that in the exercise of the care required of supervisors they ought to have known that they were down?   The court does not declare, as an absolute, unqualified rule of law, that it was the duty of the township to erect and maintain guard rails on this bridge or its approaches.   Whether it was their duty, and whether the omission to provide barriers at the side of the bridge was negligence, is a question of fact to be decided by the jury.   In some cases it would be negligence; in other cases it might not be.   The question is to be determined by the jury on a fair and reasonable view of all the facts and circumstances of the case, taking into consideration the length of the bridge, its width, its height, the nature of the approaches, the amount of the travel, and all of the circumstances.   Upon this question we quote from a decision of the Supreme Court in the case of Plymouth Township v. Graver, 125 Pa. 32." . . . .

Plaintiff's point was among others as follows:

"It is the duty of Foster township to keep all bridges, and dangerous approaches thereto, on her public roads, so guarded as to protect travelers in passing over them, and failure on her part in this respect is negligence, and for injury resulting therefrom, without proof of concurrent negligence on the part of the plaintiff, the township is liable."   Affirmed. [1]

Defendant's points were among others as follows:

"2. There is no sufficient evidence in this case to show, or from which the jury have the legal right to infer, that the defendant was guilty of any omission of duty, the absence of

which tended to cause the accident or injury suffered by the plaintiff in this case, therefore the verdict of the jury should be in favor of the defendant." Refused. [2]

"4. If the jury find from the evidence that Mrs. Mowrey, the person driving the vehicle, in whose custody the plaintiff had placed herself, was careless or imprudent in starting out to cross the highway and the bridge in question on this dark night with knowledge of the location and point of accident in question, and did not take ordinary precautions for observing the way over the point she claims she knew was dangerous, then the plaintiff is not entitled to recover. *Answer:* We decline to charge as requested in that point. It might be a correct statement of the law if this were a suit by Mrs. Mowrey; but we do not think her negligence here, if she was guilty of negligence, could be imputed to the plaintiff in this case." [3]

6. Request for binding instructions. Refused. [4]

Verdict and judgment for plaintiff for $1,800.

*Errors assigned* were (1–4) instructions, quoting them.

*E. Lynch, John D. Hayes* with him, for appellant, cited: Monongahela City v. Fisher, 111 Pa. 9; Scranton v. Hill, 102 Pa. 378; Lynch v. Erie, 151 Pa. 380.

*D. L. O'Neill, J. L. Lenahan* with him, for appellee, cited, as to liability of township: Act of June 13, 1836, §§ 6, 27, P. L. 556; May 25, 1878, P. L. 150; Newlin Twp. v. Davis, 77 Pa. 321; Township v. Montgomery, 95 Pa. 444; Pittston v. Hart, 89 Pa. 389; Hey v. Phila., 81 Pa. 44; Aston v. McClure, 102 Pa. 322; Corbalis v. Twp., 132 Pa. 9–12; Easton v. Neff, 102 Pa. 474; Kelley v. Twp., 154 Pa. 440; Ewing v. Twp., 146 Pa. 309; Altoona v. Lotz, 114 Pa. 238; Twp. v. Merkhoffer, 71 Pa. 276–280; Rapho v. Moore, 68 Pa. 404; Burrell v. Uncapher, 117 Pa. 363. As to immaterial error: Rœsler v. Phelps, 42 Leg. Int. 457.

OPINION BY MR. JUSTICE FELL,—July 12, 1894:

This action was to recover damages for injuries caused to the plaintiff by being thrown from a carriage in which she was riding on one of the public roads of Foster township. Late on

a dark night in company with another woman, who was driving, she attempted to cross a bridge twenty-three feet long, less than twelve feet wide, and six feet above the surface of the stream that it spanned. The approaches to the bridge were by earth embankments of considerable length and gradually rising above the level of the road. These approaches had no guard rails, and it was in dispute whether there were any on the bridge. The carriage was driven either over the side of the bridge or over the side of the embankment by which they approached it, and so near the bridge that the occupants were thrown into the creek. The night was very dark and stormy, and neither the bridge nor the embankment could be distinctly seen.

No exception was taken to the charge, and the assignments of error all relate to answers to points submitted. The affirmance of the first of these raises the only doubt which appears in the case. The point is: "It is the duty of Foster township to keep all bridges and dangerous approaches thereto on her public roads so guarded as to protect travelers in passing over them, and failure on her part in this respect is negligence, and for injury resulting therefrom, without proof of concurrent negligence on the part of the plaintiff, the township is liable."

As a statement of the law this is not accurate. It was not the duty of the township to keep all bridges so guarded as to protect travelers, unless we are to assume that a bridge is necessarily dangerous. As applied to the facts of this case, and in connection with the answer to the defendant's first point and the statement of the law in the general charge, this answer could do the defendant no harm. It was the duty of the township to keep all places of manifest danger properly guarded, and to maintain the roads in a reasonably safe condition, and the measure of this duty must be determined by the circumstances of the particular case.

In the charge of the learned judge it was left to the jury to find whether there was negligence in not placing guard rails on the bridge, or in not replacing them if they had been removed, and they were told that there was no fixed duty which required their erection and maintenance on this bridge. The instruction upon this subject was full and accurate, and we assume that the scope of the language of the point was overlooked.

The case was tried upon this point within the rule as laid down in Plymouth Township v. Graver, 125 Pa. 32, and we think properly tried. The other assignments of error were not pressed upon the argument, and could not be sustained. The negligence of the driver, if there was any, could not be imputed to the plaintiff, and the case could not have been properly withdrawn from the jury.

The judgment is affirmed.